[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13535
Non-Argument Calendar

_____

BIA No. A71-779-975

NELSON IRABOR,

                                                                Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 13, 2007)

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Nelson Irabor, proceeding *pro se*, petitions this Court for review of the Board of Immigration Appeals' (BIA's) order denying his motion to remand and dismissing his appeal from the immigration judge's (IJ's) order denying his application for cancellation of removal. We dismiss his petition in part, and deny in part.

## I. STANDARD OF REVIEW

When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA did not expressly adopt the IJ's decision, and we review the BIA's decision. To the extent the BIA's decision was based upon a legal determination, our review is *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247 (11th Cir. 2001).

## II. DISCUSSION

A. *Removability*

Irabor was issued a Notice to Appear (NTA) charging him with removability under 8 U.S.C. § 1182(a)(2)(A)(i), as an alien who has been convicted of a crime of moral turpitude. Specifically, the NTA alleged that Irabor was convicted of forgery in the first degree in Georgia on March 20, 1996. At his preliminary hearing, Irabor admitted the allegations and conceded removability as charged.

Irabor now challenges the finding that he was removable based on the forgery conviction. Irabor, however, failed to appeal the IJ's finding that he was removable in his arguments to the BIA. We may only review a final order of removal if the alien has exhausted all available administrative remedies. 8 U.S.C. § 1252(d)(1). Irabor did not exhaust his administrative remedies, and we have no jurisdiction to review the finding that Irabor was removable.

B. *Discretionary Relief from Removal*

Irabor requested discretionary relief under former INA § 212(c) and filed an application for cancellation of removal under 8 U.S.C. § 1229b and relief under 8 U.S.C. § 1182(h). The IJ and BIA concluded Irabor was statutorily ineligible for cancellation of removal or § 1182(h) relief because he had been convicted of an aggravated felony, simple battery under O.C.G.A. § 16-5-23. Additionally, the BIA concluded Irabor was ineligible for § 212(c) relief because his conviction was the result of a bench trial, not a plea agreement.

1. *Jurisdiction*

Pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), we lack jurisdiction to review a discretionary decision of the Attorney General or the Secretary of Homeland Security. Irabor's eligibility for relief under 8 U.S.C. § 1229b, 1182(h), and former INA § 212(c) is within the discretion of the Attorney General. Notwithstanding § 1252(a)(2)(B), we retain jurisdiction to consider "constitutional

3

claims or questions of law raised upon a petition for review." *See* 8 U.S.C.
§ 1252(a)(2)(D).

Irabor has arguably made the following constitutional or legal arguments on appeal: (1) his simple battery conviction was not a crime of violence under 18 U.S.C. § 16(a); (2) the BIA violated his due process rights when it failed to remand the case to the IJ for consideration of his pardons; and (3) it was error to retroactively apply the expanded definition of "aggravated felony" created under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009.[1] We address these arguments in turn.

2. *Crime of violence*

First, Irabor argues simple battery under O.C.G.A. § 16-5-23 is not a crime of violence under 18 U.S.C. § 16(a), and does not qualify as an aggravated felony.[2] Specifically, he contends one can be convicted of simple battery in Georgia even if

---

[1] Irabor also argues he should not have been found removable or denied discretionary relief based on the simple battery conviction because the charge in the NTA was not related to a conviction for an aggravated felony. Because Irabor did not raise this argument in his appeal to the BIA, he has failed to exhaust this claim, and, therefore, we have no jurisdiction to consider this claim on appeal. *See* 8 U.S.C. § 1252(d)(1).

[2] Although Irabor fails to articulate why this argument is important to his appeal, it is assumed he is contending that, because his simple battery conviction did not qualify as an aggravated felony, he should have been eligible for cancellation of removal under 8 U.S.C. § 1229b, or relief under 8 U.S.C. 1182(h). To the extent he argues he would also be eligible for relief under former INA § 212(c), we address this issue below.

one does not apply force, and, therefore, simple battery under O.C.G.A. § 16-5-23 is not a "crime of violence" as defined under 18 U.S.C. § 16(a) because one of its elements is not the use, attempted use, or threatened use of physical force against the person or property of another.

The Attorney General may cancel removal for certain permanent resident aliens who are inadmissible or deportable, but only if the alien has not been convicted of any aggravated felony. 8 U.S.C. § 1229b(a)(3). Similarly, 8 U.S.C. § 1182(h) gives the Attorney General discretion to waive inadmissibility for lawful permanent residents in certain circumstances, but lawful permanent residents who have committed aggravated felonies since the date of their admission are ineligible for relief.

A conviction is an "aggravated felony" for immigration purposes if the offense involves "a crime of violence (as defined in section 16 of Title 18 . . . ) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). The definition of "crime of violence" includes "an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).

Under O.C.G.A. § 16-5-23(a), "[a] person commits the offense of simple battery when he or she either: (1) [i]ntentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) [i]ntentionally

5

causes physical harm to another." We recently addressed the question of whether a conviction for simple battery under O.C.G.A. § 16-5-23(a)(1) qualifies as a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9), a provision of the Armed Career Criminal Act. *See United States v. Griffith*, 455 F.3d 1339, 1340-45 (11th Cir. 2006), *petition for cert. filed*, (No. 06-7831) (U.S. Oct. 13, 2006). Under that statute, a crime may qualify as a "misdemeanor crime of domestic violence" if it has as an element "the use or attempted use of physical force." *Id.* at 1341. We concluded a person "cannot make physical contact–particularly of an insulting or provoking nature–with another without exerting some level of physical force." *Id.* at 1342. Accordingly, we held the physical contact of an insulting or provoking nature made illegal by O.C.G.A. § 16-5-23(a)(1) satisfied the physical force requirement of § 922(g)(9). *Id.*

Based on our reasoning in *Griffth*, we conclude the crime of simple battery under O.C.G.A. § 16-5-23(a) contains as an element "the use of physical force" as required under 18 U.S.C. § 16(a). Therefore, the BIA did not err in finding Irabor's simple battery conviction was an aggravated felony.

3. *Consideration of Pardons*

Irabor next argues the BIA violated his due process rights when it failed to remand his case to the IJ for consideration of his pardons. He notes 8 U.S.C. § 1227(a)(2)(A), "specifies the effect of a . . . pardon on a certain ground of

6

removability." He argues the pardon extinguished, for immigration purposes, his crime of moral turpitude.

The pardon-waiver provision in 8 U.S.C. § 1227(a)(2)(A) provides the provisions that make an alien deportable after a conviction for certain crimes, including a crime of moral turpitude or an aggravated felony, shall not apply if the alien has been granted a full and unconditional pardon. 8 U.S.C. § 1227(a)(2)(A). We have concluded this section does not provide relief for any *inadmissible* alien who has received a pardon for their conviction. *Balogun v. U.S. Att'y Gen.*, 425 F.3d 1356, 1362-63 (11th Cir. 2005).

We lack jurisdiction to consider Irabor's argument the BIA should have remanded the case to the IJ for consideration of his pardon for the forgery conviction, because, as discussed above, Irabor failed to raise the removability argument in his appeal to the BIA. Even if Irabor had preserved the argument, he was charged with inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i) when he attempted to reenter the country. That section does not provide relief for any inadmissible alien who has received a pardon for their conviction. *See Balogun*, 425 F.3d at 1362. To the extent Irabor argues his pardons affected his eligibility for discretionary relief, this argument fails as well because the pardon provision he references does not apply to provisions affecting the grant or denial of discretionary relief. *See* 8 U.S.C. 1227(a)(2)(A).

7

4. *INA § 212(c)*

Finally, Irabor contends the BIA should have allowed him to seek discretionary relief under former INA § 212(c), 8 U.S.C. § 1182(c) (1996), because his simple battery conviction occurred before the enactment of IIRIRA, which repealed § 212(c) relief and expanded the definition of "aggravated felonies."

Under former INA § 212(c), 8 U.S.C. § 1182(c) (1996), legal permanent residents such as Irabor who temporarily traveled abroad voluntarily and were returning to a lawful, unrelinquished domicile of at least seven years could be admitted into the United States in the Attorney General's discretion under a waiver of inadmissibility. Even though § 212(c) has been repealed, the Supreme Court held "§ 212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *INS v. St. Cyr*, 121 S. Ct. 2271, 2293. We have subsequently held, however, the retroactive application of IIRIRA's more expansive definition of "aggravated felony" to an alien who pled guilty to an aggravated felony was both statutorily and constitutionally appropriate. *Mohammed*, 261 F.3d at 1247-51 (concluding retroactive application of "aggravated felony" did not infringe upon alien's due process rights).

8

Irabor was convicted after a bench trial, thus the concerns regarding the retroactive application of the repeal of § 212(c) to an alien who made a plea agreement are not present. *See St. Cyr*, 121 S. Ct. at 2291. Further, the BIA's retroactive application of IIRIRA's more restrictive definition of "aggravated felony" was legally and constitutionally appropriate.

### III. CONCLUSION

Accordingly, we deny Irabor's petition to the extent he raises constitutional and legal challenges to the BIA's order, and otherwise dismiss his petition for review.

**PETITION DENIED IN PART; DISMISSED IN PART.**